**TWO HUNDRED FIFTH:** Plaintiff JOSE BAUTISTA was deprived of his right to be free from cruel and unusual punishment.

**TWO HUNDRED SIXTH:** Defendants acted under pretense and color of state law and within the scope of their employment as DOC officers and employees.

**TWO HUNDRED SEVENTH:** As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff JOSE BAUTISTA sustained the damages alleged.

**TWO HUNDRED EIGHTH:** Defendants LaBruzzo, Newton, Hall, Finkle, Hourihane, Davis, Mirabal, Schiro knew and/or know that the pattern of physical abuse described above existed in the City jails prior to and including the time of the assault on plaintiff JOSE BAUTISTA

**TWO HUNDRED NINTH:** The above named defendants' failure to take measures to curb this pattern of brutality constitutes deliberate indifference to the rights and safety of the inmates in their care and custody, including plaintiff JOSE BAUTISTA.

**TWO HUNDRED TENTH:** These defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this complaint. As a direct and proximate result of the misconduct and abuse of authority detailed above, defendant JOSE BAUTISTA sustained the damages alleged.

**TWO HUNDRED ELEVENTH:** Defendant THE CITY OF NEW YORK, through its Department of Corrections and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by Department of Corrections staff at the time of Mr. Bautista's beating.

**TWO HUNDRED TWELFTH:** This widespread tolerance of correction officer abuse of prisoners constituted a municipal policy, practice or custom and led to the assault on Mr. Bautista.

**TWO HUNDRED THIRTEENTH:** By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which Mr. Bautista was subjected to a brutal beating, defendant THE CITY OF NEW YORK has deprived Mr. Bautista of rights, remedies, privileges and immunities guaranteed to every person of the United States, secured by 42 U.S.C. Section 1983, including but not limited to, rights guaranteed under the Fourth, Eighth and Fourteenth Amendments to be free from unnecessary and excessive force and retaliation; to be free from unreasonable force; to be free from cruel and unusual punishment.

**TWO HUNDRED FOURTEENTH:** As a direct and proximate result of the policy, practice and custom detailed above, Mr. Bautista sustained the damages alleged.

**WHEREFORE,** Plaintiffs demand judgment pursuant to 42 United States Code, Sections 1983 and 1986 and for attorneys' fees under section 1988; plaintiffs demand compensatory damages for pain and suffering; plaintiffs demand punitive damages against the individually named defendants on all claims State and Federal, said compensation to be in an amount to be determined at trial, and for such other and further relief this court deems just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
June 9, 2014

        Respectfully submitted,

        **THE LAW OFFICES OF**
        **PAUL THOMAS LAYTON, P.C.**
        *Attorneys for Plaintiffs*
        30 Vesey Street (Suite 1803)
        New York, New York 10007
        (212) 227-1104
        paul.layton@gmail.com

        /S/
        _____

        PAUL THOMAS LAYTON


        **LAW OFFICE OF FREDERICK K. BREWINGTON**
        *Attorneys for Plaintiffs*
        556 Peninsula Blvd
        Hempstead, NY 11550
        (516) 489-6959
        fred@brewingtonlaw.com

        /S/
        _____

        FREDERICK KEVIN BREWINGTON